This is case number 1-16-2763. People of the State of Illinois versus Julian Davis. My name is Nathaniel House. I'm a judge on the Illinois Appellate Court and presiding on this case with me are Justices Margaret McBride and David Ellis. This case is being heard via Zoom due to the COVID crisis. Would the attorneys who are representing the parties please state their names and who they represent? Good afternoon. My name is Eric Castaneda on behalf of Mr. Julian Davis with the Office of the State Appellate Defender. And Assistant State's Attorney Douglas Hargatt on behalf of the people. The way we're going to proceed this morning is that we're going to give each party in turn an opportunity to make a 10-minute uninterrupted presentation and at the end of that 10-minute period we will ask questions. The appellant will be given a short amount of time to make a rebuttal argument. Does anyone have any questions about how we're going to proceed? No. Thank you, Your Honor. Okay, with that the appellant may proceed. Again, good afternoon, Your Honors. Good afternoon, counsel. May it please the court. As I stated earlier, my name is Eric Castaneda. I'm with the Office of the State Appellate Defender on behalf of Mr. Julian Davis. Mr. Davis's case is a first stage post-conviction case where a pro-state defendant raising ineffective assistance of counsel claims has to establish that it is arguable that counsel's performance fell below an objective standard of reasonableness and it is arguable that he was prejudiced by counsel's substandard performance. It is intended to be a low threshold where a defendant, a pro-state defendant, such as Mr. Davis, is only required to present the gist of a constitutional claim. Mr. Davis presented several arguable claims of ineffective assistance of counsel along with an arguable claim of a Brady violation. The first claim I will be addressing is Mr. Davis's claim that counsel was ineffective for failing to inform him of a plea offer that was that the state at some point did make an offer to Mr. Davis as the state informed the court that it was revoking that offer. And there is nothing in the record to rebut Mr. Davis's allegation that counsel failed to communicate this offer to Mr. Davis. Now in Peeble versus Trujillo, another first stage post-conviction case, this court found that it was arguable that trial counsel provided ineffective assistance where counsel failed to convey the state's plea offer to the defendant. Now here Mr. Davis's case is different than the Trujillo case in that he does not know the terms of the offer that was made by the state. However, Mr. Davis still presented the gist of an ineffective assistance of counsel claim without providing the terms of that offer because the prejudice here lies in being prevented from making that decision itself, from being prevented from exercising the right to accept or reject the state's plea offer, which is a fundamental right of a criminal defendant. And Peeble versus Edwards is instructive on this point. In Edwards first stage post-conviction case, our Supreme Court presumed prejudice where counsel had failed to move to withdraw the guilty plea and ultimately resulting in a forfeiture of the defendant's right to appeal. The Edwards court found that the forfeiture of defendant's right to appeal was prejudicial in and of itself and the defendant was not required to show that the appeal would have been successful to establish prejudice. Similarly here, the deprivation of Mr. Davis's right to decide whether to accept the state's plea offer was prejudicial in and of itself. Like the decision of whether to appeal, what plea to enter is a decision that only a defendant can make. It is not a matter of trial strategy and is not a tactic for trial counsel to decide. It would be too high a burden to expect Mr. Davis to establish the terms of an offer that was never communicated to him. It would be too high a burden for any defendant in Mr. Davis's position. And if there is no prejudice and trial counsel failing to completely, completely failing to communicate the state's plea offer to a criminal defendant, then it is kind of finding that trial counsel has no obligation to disclose a state's offer to their defendant and that they can ultimately make that decision without consulting with their client. And for these reasons, Mr. Davis made out an arguable claim that trial counsel was ineffective in failing to convey that offer to Mr. Davis. Now Mr. Davis's next claim, he alleges that trial counsel coerced him not to testify. And again, this is one of those decisions that only the defendant can make. It is a fundamental right. And Mr. Davis alleges that he informed trial counsel that he wished to testify and counsel threatened that he would make sure he lost the case if he took the stand. And then when he was being admonished by the trial judge, whether it was his free and voluntary decision not to testify, Mr. Davis answered no. However, trial counsel then gave him a threatening look and ultimately Mr. Davis was forced to decide not to testify out of fear of counsel sabotaging the case. Now in People v. Dredge, the court remanded the matter for second stage proceedings where the defendant alleged that she was prevented by a trial counsel from testifying. The Dredge court recognized that a criminal defendant's decision of whether to testify is a fundamental right with constitutional protections and it warranted second stage proceedings. Similarly, in People v. Lester, the court remanded the matter for an evidentiary hearing to determine whether counsel was ineffective in preventing their client from testifying. Now the state relies on People v. Youngblood to contest the holding in Dredge, but the court in Youngblood did not consider the fact that a criminal defendant's decision of whether to testify is a fundamental and substantial right with constitutional protections as did the courts in Dredge and Lester. And I'd like to point out that in Youngblood, the court also affirmed the dismissal of the defendant's petition due to the fact that the defendant had failed to establish that he made a contemporaneous assertion to his trial attorney and to the trial court of his right to testify. And here the facts are distinguishable because Mr. Davis explains in his petition that he told trial counsel that he wished to testify and then was threatened by trial counsel not to testify. So he does establish that he made a contemporaneous assertion of his right to trial counsel. And as the record reflects, he made a contemporaneous assertion of his right to the trial court when he said no, it was not his free and voluntary decision not to testify. And I'd also like to highlight that Mr. Davis specifically alleges that trial counsel coerced him and threatened him not to testify. He gave him a threatening look and so his claims are more compelling, more detailed than any of the claims raised by the defendants in the cases that I just mentioned, Dredge, Lester, Youngblood, and that none of those defendants specifically alleged coercion, nor did they provide the specific facts that Mr. Davis provides here in his petition. And so Mr. Davis has also made out an arguable claim that counsel was ineffective in coercing him to testify. Now, the next claim Mr. Davis raises is that the state's witness, Victoria Rojas, a key witness for the state, testified against Mr. Davis in exchange for a deal for the state not to charge her with any crime. Therefore, trial counsel was ineffective in failing to expose Mrs. Rojas' bias to the trial court. Mr. Davis also raises a Brady violation claim in that the state failed to disclose this information to Mr. Davis. To support his claims, Mr. Davis alleges that Rojas visited him in jail and he had a one-on-one conversation with Mrs. Rojas where she told him that the state offered her a deal in exchange for her testimony. And Mr. Davis supports his claim with his own sworn affidavit of this conversation, which is attached to his petition. And Mr. Davis' claims and his allegations are capable of independent corroboration at second stage. He can obtain an affidavit from Mrs. Rojas testifying to whether the state offered her a deal. He can obtain an affidavit from trial counsel on whether he communicated this information that she was made an offer by the state. And he can obtain an affidavit from the state's attorneys that were involved in the deal with Mrs. Rojas. So his allegations are capable of independent corroboration at second stage through at least three different sources. And on appeal, the state doesn't contest that it was required to disclose this information, but does contest that Mr. Davis was required to attach an affidavit from Mrs. Rojas. But as I just explained, the standard at first stage is that his allegations are capable of independent corroboration at second stage. Last thing that Mr. Davis makes is that trial counsel was ineffective in failing to present certain mitigation evidence during his sentencing hearing. There was a Catholic priest in the jail ministry by the name of Arturo J. Perez, who wrote a letter on behalf of Mr. Davis, attesting to his rehabilitative progress while he was in jail. And it would have been significant for the court to learn of Mr. Davis's rehabilitative progress while he was in jail incarcerated. And this letter was readily available to trial counsel. There was no reason for trial counsel to present this letter to the court. And Mr. Perez was also willing to testify on behalf of Mr. Davis at the sentencing hearing. And again, there was no real reason for trial counsel failing to present this mitigating evidence that was readily available and would have only helped Mr. Davis in that it would probably influence the court in sentencing in the direction of issuing a lower sentence for Mr. Davis. And for all these reasons, Mr. Davis presented several arguable claims of ineffective assistance of counsel, along with an arguable claim that the state committed a Brady violation. And we ask that you remand this matter for second stage proceedings. And I'll be happy to answer any questions that your honors have. Thank you. Justice McBride, do you have any questions? I have some questions. Good morning, counsel. Would you agree that race judicata bars claims raised in a post-conviction petition that could have been raised on appeal? Yes, your honor. And doesn't the record reflect that at the juncture before this matter went to trial and it did go to trial that the state indicated at that time they were revoking all offers? Is that correct? That is correct, your honor. And the defendant was present in court. That is correct. All right. And so, um, in this particular case, how can you say that race judicata doesn't bar this claim that his lawyer was ineffective regarding offers when they had all been? It doesn't say to which defendant there were 22 defendants here that the all offers had been revoked. Correct, your honor. The trial judge did want a clarification from the state and asked, is this to Davis? And the state's attorney said, yes, all offers are revoked. And we don't know when this petition, Mr. Davis does not indicate at which point he learned of the offer. He does cite to the record. And I think from the facts and given the lenient standard that's applied to these pro se defendants, there's enough facts there to presume that he learned of it later. There are cases, I believe it's in the Piper case or in the Collins case that even when a defendant does not state specifically certain facts in their petition, a court can assume in favor of defendant in favor of allowing the petition to proceed to the next stage. You know that the defendant, for example, here that he didn't learn of this until after. All right, fair, fair enough. Do you agree that on the if the record belies a claim, though, it can be dismissed. So I understand your argument. I think that's it's a valid one. Do you agree that under Hale, under Frye, under Laffler, that our Illinois Supreme Court has indicated it has to follow Frye and Laffler, and that on a claim where the attorney is chart has failed to convey an offer that the that's obviously would be an ineffective assistance claim, but that that there has to be some pleading that the defendant would not have accepted that the defendant would have accepted the plea. The plea would have been presented to the court that the the plea agreement. So do you believe that one self-serving statement that I probably would have accepted the plea is enough for all of those cases. Under the circumstances here, yes. And if we look at all those cases, the the all the defense were made aware of the plea agreement. But however, they rejected that agreement or based on trial counsel's advice. So it's it's much different in the facts here where it was a complete failure to convey the offer to Mr. Davis. If we look at Laffler or Missouri versus Frye there, the the state presented an offer, but this offer had expired. It came with an expiration date here. We don't know the offer expired. So therefore, the question at issue was, you know, was the state required to abide by this offer that was expired? Was the court required to abide by this offer that was expired? In Laffler, there was a specific statute at issue, a Michigan statute, where the court was allowed to reject that offer. These are simply not the issue here. I think the issue here is a complete failure to convey the offer to Mr. Davis. Sure. But how does the state, how is the state ever bound by an offer that it is it has unequivocally stated on the record is hereby withdrawn? Yeah, no, I think at that point, the state is not bound by that offer as the rules of contracts apply. However, again, if if the attorney failed to convey that offer within the time that the offer was in effect, then that's that's the issue here. And that's what the attorney was required to, to, to communicate with Mr. Davis, there was months in between between an offer being made, and the state revoking the offer. But at the time of trial, this record unequivocally shows that the state was rejecting any and all offers that it had made. How can this court send just on this issue alone? How can this court send this back and order the state to now communicate a plea officer participate in plea proceedings, even order the judge to? Well, the judge can't initiate, we know that can't initiate any, any plea agreements. So how in this case, when the state has stated that there are no offers, how do you suggest we write that this go back and that the state convey offers to him? That is a tough question. That is a question that came up in Lafleur versus Cooper, what is the appropriate remedy? And I think at this stage of proceedings, this court does not have to make that decision. But ultimately, the state, even if the state was not required to make that offer, you still leave Mr. Davis with ineffective assistance of counsel, which does require a new trial if Mr. Davis chose to proceed. And if you got that far in the proceedings, Mr. Davis still has to establish a substantial claim in second stage. But that would be a more difficult question. What case do you rely on that would suggest the relief that you're suggesting here? I'm not aware of any case that would say this should be remanded and that he's entitled to a new trial. In terms of a plea offer that was that was revoked. I'm not sure what case you would be citing. In people versus Whitfield, that is for ill second 308 1968. The Supreme Court remanded the matter for a new trial, where the attorney trial attorney completely failed to convey the offer to their client. And that was a post conviction case there were it was remanded for a new trial. And it was based solely on a plea offer that was revoked? No, it was just not communicated to the defendant. And we have a different scenario here. We have an offer says that state says we are revoking all offers. What case says that in this situation, that the court is required to give him a new trial on an offer that was revoked? I would refer back to Whitfield, which Trujillo relied on and making its decision. And while Trujillo didn't remand for a new trial, it did remand for second stage proceedings, because there was a credibility issue of whether trial counsel did communicate this offer to his client. So again, counsel's failure in communicating this offer to his client is separate from when the state revoked that that issue, that offer, and these facts can be, you know, fleshed out through second stage proceedings. When was this offer revoked? How much time to console have to convey this offer to their client? And you already indicated that in Trujillo, the facts were substantially different than the case here. Correct. Yes. And what didn't the court find that the defendant had a submitted a letter to the Attorney Registration and Disciplinary Commission specifically about the offer. And here we have a case. Well, I just, I don't know how you get around this, that the record here shows the state actually said there are no offers on the table. So, but I understand your argument and I appreciate your response. Thank you, Your Honor. Justice Ellis, do you have any comments on this case? How do we know there was a plea offered to this, to this defendant at all? We don't, do we? We've got a equivocal reference by the prosecutor at one point about a possible negotiated disposition. There's two defendants, right? So we don't even know if that's talking about your guy. And then later he says, I think there might've been offers. If they are, they're revoked, which, you know, prosecutors do a lot before a trial starts. Just to be clear, you didn't take my offer. It's revoked now. Now we're going to trial. Does that help me out? Maybe I'm not remembering this correctly, but the defendant doesn't have other information to suggest there ever was one, does he? No, he cites directly to the record, as Your Honor just pointed out, to those parts of the record. I mean, I, you're right that it's a lenient standard at the first stage and we take things as true, but this, you know, we take a defendant's statements and affidavits and all these things as true. We don't question their credibility, but you know, is there any, is there any line that we draw? I mean, if you just say, I think there might have been a plea offer and if there had been, I might've taken it. So I get to go to the third stage and kind of do some discovery and figure out what the heck happened here. I mean, that's pushing it a little bit, isn't it? I mean, that's the thing that's troubling me about this. You're right that if he doesn't know what the plea was, he can't say unequivocally, I would have accepted it, but he doesn't even know if there was one. None of us do. Even if we take everything he said as true, he's saying there might've been one. Is that, is that not a problem for you? Well, I, Mr. Davis does not say there might've been a plea offer. He does state there was a plea offer. However, as a pro se defendant, he doesn't clearly explain how he's so sure that there was an offer. But again, at this stage of proceedings, if we were, if, if he were not allowed to go to second stage proceedings where he has to establish a substantial claim and he wouldn't be required to establish everything that your honor just mentioned. Then the other side of that coin is that we're depriving a pro se defendant who is taking his allegations as true, which is required at this stage from exercising his right of whether to accept or reject the state's plea offer. And I think that's the other risk that this court would be taking. And at this stage of proceedings, it is intended to be alien standard and to allow ambiguities like this to proceed to second stage. So these claims can be fleshed out. And I'll cite to the Piper case, which actually goes to the right to, to, to testify. And there the defendant was unable to flesh out the facts of what he would have testified to. However, the court noted that at this stage of proceedings, the court should not engage in harmless error analysis, especially when the facts are not all fleshed out in the record and allowed that petition to go to second stage. So the defendant with appointed counsel could flesh out the facts of his claim. Okay. I mean, there's no question we take it as true, but, you know, he's got to give us some idea of how he knows. And from what I can tell his, what he knows is he read the trial transcript and he said, Oh, it looks like there might've been a plea offer. I'm, I'm just, I wonder if there's any principle limitation on our, how liberally we look at this stuff where we would say, you got to give us some idea that there was, you've got to give us some basis for knowing that there was actually a plea offer made because it doesn't seem at all clear to me that there ever was one made. Let me ask you another question. Um, well, let me stick on this for a second. So before trial, this defendant was looking at, what would it have been? He was charged with first degree murder with the discharge of a firearm, right? Yeah. Attempt first degree murder. Yes. Yeah. I'm sorry. Attempt. So the sentencing range, he was looking at up to 80 years, right? Yes. Um, okay. Do, do we take into account at all? Um, what he ended up being sentenced to compared to what any possible plea might've been. I mean, is it realistic to think that he would have gotten a plea offer that would have been better than the 14 years he did get? Uh, your honor, there, there is no way of knowing without knowing the terms of the plea offer. Uh, there's no way at this stage of the proceedings for this court to, you know, engage in the disparity of sentences of convictions. Um, you're correct. He was charged with, with different offenses. Uh, he did go through trial and he was acquitted of first degree. He was convicted of armed habitual criminal. He was convicted of, uh, you know, um, AA, um, UW, uh, right, right, right. He was convicted of, uh, you know, uh, aggravated, uh, discharge of a weapon. Uh, so he, he was convicted of all these offenses and we just simply don't know what those terms were. And again, uh, I'll refer back to the Piper case where the court simply didn't know, um, what the defendant's testimony at trial would have been and how it would have affected the case. Um, and again, the court there said we can't engage in type of harmless error analysis at this stage without knowing the facts. And the last thing I'd like to mention is that what will not the last thing, but thing I'll mention and highlight is that is his petition frivolous or panting without merit. Yeah. We're unsure whether if your honors are unsure whether it was a guilty plea offer, there's sufficient facts there to show that there is some unclarity when the state made this offer, who had made it to. So it's not frivolous or delusional at this stage in the proceedings. Uh, last, last thing I want to ask you about is this, um, idea of being coerced not to testify or threatened not to testify. Um, obviously there is a pretty lengthy colloquy here between, uh, the trial court and, and your client where he indicates that, um, he's freely and voluntarily not testifying, choosing not to testify. Um, I think one time he answers no to a question he was supposed to answer. Yes, but it seemed to be just that he was maybe confused. Maybe the question was presented as a negative. Um, it seems pretty clear that over and over again, the trial judge, um, made clear that the, that, you know, did the look, uh, that's true, but that's because he was getting dirty looks that are not in the record. He was getting stairs and implicit threats that were not in the record in any of these cases that have advanced. Uh, did they have this kind of a record in the trial court in any of these cases? And I, I don't remember the names of the cases you talked to. I think Lester was one of them. You talked about several cases. Did they say, well, the record does show that the trial judge made it very clear and, and, and got the defendant to admit to him, I am doing this freely of my own will and without threats. And yet on a PC, the defendant came in and said, I was threatened. And the court said, that's a good enough allegation for us. We don't have to worry about what's in the record. Uh, no, well in the young blood, uh, there, they considered that, um, he didn't make a contemporaneous assertion, but, you know, just, practically thinking of it, uh, when would a defendant be able to bring this claim? If the coercion was not successful, if the court, if they did make a contemporaneous assertion while being admonished, then the court would have to allow them to testify and they wouldn't be able to bring this claim. Um, the, the dredge decision did not touch on this. The Lester decision did not touch on this. They simply found that this is a fundamental right and being prevented from just said they were prevented from testifying, did not provide any other facts as Mr. Davis provides here. Um, and this was an unusual admonishment. Six times he was asked, is it your free and voluntary decision not to testify? Um, and again, if, if he would have, uh, clearly, uh, kept asserting his right, uh, he would not be here with this claim because then he would have been allowed to testify. So I'm unaware of, of how, um, they can contemporaneously assert their right to the court. Um, and then later bring a post-conviction conviction claim here. Okay. Thank you. Okay. All right. I think everything has been covered. I don't have any questions. Uh, we call on now, um, Mr. Harbarth. Thank you very much. And good afternoon. Your honors, assistant state's attorney, Douglas Harbarth on behalf of the people of the state of post-conviction petition, where his claims are conclusory and unsubstantiated, or they are positively rebutted by the record. And they therefore lack an arguable basis of fact or in law with regard to the defendant's first claim. The council allegedly failed to communicate and plea offer is without merit because even taking his claim as true, he has not even alleged much less established that he was prejudiced in any way. In fact, defendant claims that he is absolved of showing prejudice. And he asks this court to presume prejudice, but this is not the law in Illinois. The only Supreme court in Hale and this very court in Walker expressly held that a petitioner must show prejudice in order to do this in this context, he must show that he would have actually accepted the plea offer that, and as justice McBride pointed out that the plea would have actually been entered. Um, but what's important to note is that in Hale in discussing the holdings in Fry and Laffler, the defendant must also show that the end result would have been more favorable if it had been resolved by way of a plea. The defendant cannot establish any of these factors beyond his own self-serving claim. But this court has expressly held that a subjective and self-serving claim that he would have accepted a plea is insufficient to warrant second stage proceedings. That's Walker. Well, defendant claims that he did not know what the plea offer was. He's lower than the 14 years at 50% that he received on a class one aggravated discharge, but he faced up to, I believe it was as counsel pointed out was up to 80 years on the attempt murder of a police officer at 85% on each of the class X attempt murder charges. And I don't, I have to apologize. I don't have the paper record in light of the current situation, my understanding, my personal recollection that it was a temp murder, not a temp murder of a police officer. So I, in the interest of full disclosure, I was going on the assumption that the maximum he faced was 30 years on each sentence, but I obviously would have to clarify that by reading the actual indictment. But in any event, a 30 year sentence at 85% is a far cry from the 14 years at 15% that he got in our argument that he defies common sense and is therefore fanciful to use the language from, from the post conviction law. It's fanciful to speculate that the end result would have been different if this defendant had pleaded guilty. So this court should reject the defendant's request to resume prejudice because number one, it's contrary to hail and the Supreme court decisions upon which it's based. And perhaps more importantly, it would dispense with the test and Strickland. It would create therefore a new category of per se, ineffective assistance of counsel, a claim that would warrant automatically warrant second or third stage proceedings. Anytime the defendant simply made such a conclusory claim, this court should reject the defendant's reliance on the Supreme court's decision at Edwards, which presumed prejudice for counsel's failure to perfect a defendant's right to take a direct appeal following a guilty plea. In that situation, the constitutional deprivation is complete. There's no further showing of prejudice that's necessary. He's already been ipso facto deprived of his state constitutional right to take a direct appeal. Edwards has no application. It doesn't even discuss the pleading requirements of post conviction hearing hearing act, which is what the issue in this case is that the pleading requirements requirements have not been satisfied. And on this precise issue itself, hail, that's an important hail expressly held that a defendant must sufficiently pre plead prejudice with regard to the defendant's second claim that counsel coerced him not to testify. Arguable will also lacks an arguable basis. In fact, because even taken as true, the defendant has not shown, and he does not even claim that he was prejudiced in any respect. Numerous appellate court decisions, including ones that were addressed earlier, young blood and barks and Buchanan in this court's decision in Hernandez. It expressly held that although the right to He must show prejudice from the denial of his right to test to decide whether or not to testify. That is, he must show a reasonable probability that the outcome of the trial would have been different. And he does this by pleading. And this is what's explained and Buchanan and barks and young blood. What is testimony would have been what evidence that would have refuted how it would have affected the outcome without these things. The defendant's claim is by definition, conclusory, excuse me, and insufficient to warrant proceeding further proceedings. All of the cases upon which defendant relies dredge, Lester and Piper. They are going on 2530 year old cases and they long predate that the Illinois Supreme Court's decision in Collins, which clarified the evidentiary impeding requirements of the Post Conviction Hearing Act. And actually, dredge and Lester had been repudiated and criticized by Um, I would note that this issue is actually pending before the Illinois Supreme Court. Um, if this court is not already aware in a case called nap can a PP and that case has already been fully briefed. I believe it will be set for oral argument on the November term. Um, so that issue, if I read the briefs correctly, it involves the contemporaneous assertion of the, of the right to testify. That's the primary issue in that case. In any event, on this issue, defendants claim that he was coerced not to testify positively rebutted by the record. The record shows that he was thoroughly admonished. And I think as, as justice Ellis pointed out, it's hard to envision a more thorough set of admonishments than those that were given in this case. The defendant was informed that he had the right to testify. The decision was solely his, that it was his free and voluntary choice. And if he had not been forced to threaten in any way, and that he had no questions about this. And then he expressly stated that he did not wish to testify. The defendant's assertion that his answers were equivocal is simply unsupported by the record. And he certainly did not make a contemporaneous assertion of the, of the right to testify. Therefore, this court should reject as it, as it has done before in Maybury and the fourth district in Palmer, the defendant self-serving claim that he was coerced to testify where the existing record directly refutes that claim. To accept the defendant's argument in light of the admonishments that were given in this case would essentially render the admonishments meaningless. Or it would, it would automatically warrant second or third stage proceedings simply on a defendant's unsupported claim. It begs the question, why would a judge even give admonishments if a defendant, all defendant has to do is say that his attorney shot him a dirty look or did some other thing off the record. That's why the admonishments are given. With regard to the defendant's third claim concerning the alleged agreement with Victoria Rojas, it is also without merit because it's unsupported by an affidavit by Rojas. This alone is fatal to his claim because the Post-Conviction Hearing Act expressly requires the defendant to attach affidavits, records, or other evidence supporting the claim. And this is important. If he's unable to do so, he shall state why the same affidavits are not attached. The purpose of this, as the Supreme Court has repeatedly explained, is to establish that a petition's allegations are capable of objective and independent corroboration. In this case, defendant has done neither thing. He has neither attached the affidavits or explained their absence. He's never explained why or what efforts he undertook to attempt to get an affidavit from Rojas. Instead, as with his other claims, defendant is asking this court to absolve him of in the future. There's no authority that supports this. And the defendant's own personal affidavit stating what Rojas allegedly told him is entirely insufficient, not because it's hearsay, but because it fails to demonstrate that the allegation that he's making is capable of objective and independent corroboration. And importantly, it also fails to identify the availability, and this is the Supreme Court's language in Delton, the availability of the evidence. There's no evidence, nothing in the record, nothing in his post-conviction to show that Rojas' statement regarding this alleged offer, that she's available because there's no affidavit from her. The people understand that hearsay is permissible in post-conviction hearings under Rule of Evidence 1101, but 1101 did not vitiate the well-established evidentiary and pleading requirements of the Post-Conviction Hearing Act, and it does not absolve defendant of the obligation from obtaining an affidavit from Rojas, which is the very source of the allegation. As with his other claims, to accept his argument would render the affidavit requirement meaningless, for it would mean that any unsupported claim about what a witness allegedly told someone is sufficient to warrant further proceedings just as long as the defendant puts it in his own affidavit. But this would be an end-around to the affidavit requirement, and it finds no support in the law. As with any claim of failure to investigate or call a witness, it is exceedingly well settled that a post-conviction petitioner must support the claim by an affidavit from the proposed witness herself. As it stands, the only support for defendant's claim is his own self-serving claim. And finally, with regard to the defendant's claim that counsel was ineffective for failing to introduce the chaplain's letter, people acknowledge that issues involving trial strategy are not relevant at this stage, but he simply cannot show that he was arguably materially prejudiced by counsel's failure to introduce that letter or call the chaplain. As this court held on direct appeal, the defendant's conduct warranted the near maximum punishment because he undertook wanton and reckless action that threatened the harm to two police officers that he targeted, those riding with him, and the innocent individuals in the vicinity. The trial judge itself focused on the seriousness of the offense, and I think it's entirely speculative. It's only speculative to believe that the sentence had been lower had counsel introduced that affidavit or called the chaplain. So for those reasons, we'd ask that this court affirm the trial court's judgment dismissing the post-conviction petition. Thank you. Justice McBride, do you have any questions? Mr. Horvath, I don't recall that, well, I'll ask counsel about Piper, but Walker was a case decided after the briefs were filed in this case. Would you agree? I think the reply brief was filed in January. Walker was a justice court in opinion which indicated that prejudice, one of the elements of the post-conviction petition, has to show there has to be some pleading of prejudice regarding an offer that was never conveyed or whatever. Do you agree that an offer that was withdrawn would sort of debunk this particular one issue? I think it is important because the offer simply no longer exists. I agree that it's very important. I think the only, not to argue against myself, but if the argument that counsel, as I understand it, is making is that the offer was available for many days, weeks, or months prior to it being revoked and that during that period he was unaware of it and that during that period he would have accepted it and pled guilty. I don't know if that answers your honor's question. I don't know that maybe those are separate issues, but I certainly disagree with counsel's reliance on Whitfield or any other decision that suggests that. Well then tell us about Whitfield and why we should outright reject his suggestion that Whitfield trumps everything. The case was decided in 1968. Yeah and I have to plead ignorance with regard to specific facts of that case. I apologize. But I think because the issue that's been framed is purely in the context of an ineffective assistance of counsel claim and I think for him to prevail on that, he has to show that he was prejudiced and he simply can't do that. So it almost, I guess the primary issue is that, excuse me, the primary failure on the part of the defendant's argument is that he can't even remotely show prejudice without relying on speculation and his reliance on Trujillo is misplaced because Trujillo, I think, I mean it's counsel to his credit acknowledges that that case is distinguishable not merely because it was corroborated with a letter to the ARDC, that's for sure, but he also received a sentence that was 100 percent higher than the sentence that he was offered. He got 12 years when he was offered six years and in cases like Hale and Walker where the defendant already is admitted, agreed that he faced a much longer sentence than he actually got and agreed to go to trial on those with that in mind, with that potentiality, he cannot show prejudice. In this case, it's purely fanciful to show that he would have, any offer he would have been made was lower than 14 years at 50 percent on a class one given what he was, the charges that he faced. Well, is he in a Hobson's choice here? He says he doesn't know the, well he doesn't, he doesn't indicate what the offer is but he says it wasn't conveyed to him so isn't that a Hobson's choice? What does he do then? Yeah, no, I understand and I agree that that particular allegation does distinguish this a bit because there's no evidence of what the offer was and I think as Justice Ellis pointed out, it's unclear if there actually really was an offer. I think just the loan court date where this was said, it appeared to be in a courtroom, a signed courtroom state's attorney that just said no judge, all offers are revoked sort of, no because we're going to trial. Well, I wonder, one other question, is a self-serving statement, which is I think what all we have in this petition, is a statement that I probably would have taken the offer, is there any case that would suggest that that would support even first stage, any case that says I probably would have taken the offer, is that a loan, is that enough either under Hale, Strickland, Lafler, Frye, is there any case that would suggest you can say I probably would have taken the offer and therefore I get to go forward? No, no, in fact that's the opposite of that is by say that that is not sufficient, absolutely not sufficient. Would that open the door to anyone saying my lawyer didn't convey an offer to me? Isn't that what this record is? We don't know anything about it. Would that open the door to every defendant saying I was not given an offer, therefore I'm prejudiced, therefore I get to proceed with my post-conviction petition? Yes, absolutely, and that's as the argument that I've made today and in my brief the same rule with regard to the right to testify. There is a low threshold at first stage to be sure, but there is a threshold, there is a pleading and an evidentiary threshold for both of these main claims regarding off the record information and with regard to the whether or not he probably or might have or actually in his petition itself I believe he uses the language I likely would have taken the plea. That is plainly insufficient under HALE. There are minimum requirements to meet even the low threshold at first stage and the defendant certainly has not met them with regard to either of those claims and as I argued that's to hold otherwise would essentially allow not just second stage but almost require third stage evidentiary hearing on the mere conclusory self-serving claim. There are reasons that there are pleading requirements in cases like Edwards which defendant relies on, Edwards has no application to the pleading requirements for the Post-Conviction Hearing Act and maybe I said too much I don't know if that answers more than you asked. I have nothing further. Thank you. Justice Ellis? Yeah, just briefly, good afternoon Mr. Harbath. I guess what I'm sitting here thinking about is what is somebody supposed to do in this situation? What's a prisoner supposed to do if they have a basis for believing that a plea offer was made and their whole complaint is no one ever told me and so they can't possibly know the amount of the plea offer because nobody told him and so now in that situation you could never say I would have taken it. If you did, you'd be laughed out of court and we wouldn't put any credence in it if he did say that because he doesn't know the number. I mean the number might have been 21 years. Well, he's not gonna take 21 years in hindsight when he got 14 at 50 percent so does this mean that I mean we see these claims sometimes where people learn that there was a plea offer made and they say I was never told and I would have taken it if I'd known and that's a viable claim generally I think we can all agree on that if it's all true but if you hear that there was a claim but you don't know the amount does that mean you're out of luck because we'd be having this very conversation we're having with you so there will never be a claim be a post-conviction claim if you don't know the amount that you were offered. All right that's CEO that's that's a good question but I think this case is is different and as we point out in our our brief if if the defendant truly well and I know we don't want to not to get into the merits we take his claim as true but but we also take the record as true of course and the record in this case shows that if it shows that an offer was made and the defendant wasn't aware of it what does any defendant worth of salt do he's what whoa whoa whoa whoa whoa you got to be kidding me there was an offer here judge I wasn't I wasn't aware of this I wasn't aware of this and he wasn't open court when that was stated so you know I did you know just like a defendant when he's being admonished whether or not he wants to testify and he sits there and says yes to the judge's questions after five six seven pages of thorough admonishments he's no my my mean nasty mean attorney here that I heard uh private counsel incidentally uh said you know shot me a dirty look he said all these things I think there's an obligation to say something and if you hear something on the record that there was an offer and it's and it's truly a um something that kids caught unawares then he has then he would have said something and that's something we point out in our brief that he surely would have said something if he was unaware that there was an offer um even taking his claim as true but um on that topic since you brought it up um judges always make sure on the record that the defendant is made aware that the decision to testify is his or hers alone and that they should and the judge any good judge you see it all the things um and so there's usually going to be a record where the where the defendant says yes I understand I'm on my own decision I'm pleading I'm refusing to testify and I have not been coerced or been no threats so does that mean there's no such thing as a claim like this because it's always going to be rebutted by the record I think the cases Palmer and Mabry essentially say that they say that uh and if you'll bear with me the language I believe in Mabry is that in that case um the the defendant's statements on the record were so while taking his well pleaded facts and allegations and his own affidavits as true they are taken true but only to the extent that they are not positively rebutted by the record um in that case then they are not taken as true so in a situation as your honor points out where you have exhaustive admonishments as we have here what better uh positively rebutting evidence what could there possibly be um and if so taking defendant's argument as true then it doesn't matter and that's the word we use in our brief several times the word meaningless uh it would render them it would you know vitiate them it would what's the point of giving admonishments for anything whether the guilty plea to testify or not testify um if all defendant has to do is file a post-conviction claim saying nah you know and then he would automatically and as we point out it would automatically essentially require a third stage hearing because his claims are also taken as true at the second stage um and we can't just on his mere say so or you know uh I don't think that's sufficient under um you know myriad cases well Supreme Court cases regarding the pleading requirements and at first stage yeah okay that's all I have justice house thank you Mr. Harbeth thank you thank you thank you all right um let's get back to the last question that Justice Ellis asked in as it pertains to what is the defendant to do if he doesn't know what the offer was does that mean that the attorney gets away with his uh efficient performance uh when you say well he should have said something aren't you making a credibility determination you say well it must not be true because he would have said something if he didn't know about the offer I mean I do your honor as I indicated there this cases might be slightly different because different excuse me because he's saying he was not aware of what the offer is um but as we point out in the brief you know the the claims have to be they're taken as true unless they are you know based on a fanciful fanciful or delusional claim and I and I think it as we argue that it is fanciful it's maybe delusional a strong language I guess but I think it's delusional to think that any offer that he would have been offered number one and would have accepted number two and the trial court would have accepted and entered it would have been lower than 14 years at 50 percent when he faced a very long sentence and possibly consecutive terms um if the judge had had chosen to do that um so I think it's a fanciful argument even even taking it as you know his claim is fanciful the you know acknowledging your honor I'm sorry sorry the Illinois to acknowledge your honor's point that that he says he was not aware so I do acknowledge that well the Illinois Supreme Court gave examples of what delusional arguments are 23 guards raped them in the evening and uh all kinds of martians or whatever this is uh not delusional and it's and the court has set a standard the defendant has alleged facts which are capable of independent verification now what we have here is his allegation that there was an offer isn't it capable on remand for second stage that you get the assistant in charge and he if there's no offer you say yeah we made an offer 16 years the case is over isn't that better than having this open loose-ended question where defendant probably sits in jail for 14 years thinking in his own mind that he his lawyer didn't tell him about the offer and the courts which he went to for relief refused to give him an answer he's going to come out bitter at the end of those 14 years now what we what I pertains here we're talking about somebody who just makes a gist of an argument he says my attorney got an offer for some period of time it was open there's a evidence in the record that offers were made is not delusional offer was made so where do we say that this is it this is completely meritless how do we say that his allegation is delusional uh I mean I I I don't want to repeat you know I I think I think it is fanciful because I I can't imagine that a nuclear offer would would have been that that low and not wouldn't the best thing to be to resolve it hey this guy's a liar let's send it back and and and and let's let's put the lie to that but right as it stands right now it's an allegation and we have to take it too and I understand that your honor and that you could you could make that argument with regard to any post-conviction claim well let's just give him a shot let's send it to second and third stages to see what he's got um but there are pleading requirements and on this specific issue our own supreme court has said he's got to meet the prejudice and in in this case he's asking to be absolved of that and this court has to follow hail I mean you know that's element obviously well well prejudice is something he has to prove to show ultimate relief but the other cases that you've talked about where there was prejudice in the sentencing there was in fact evidence in the record that rebutted his argument for example the here we don't have uh evidence such as what the sentence was to rebut uh the claim of prejudice that he's putting for uh those that's where prejudice was absolutely proven in those cases and that's why I was able that's why we were able to cut it off in the first stage because as a matter of law he can't show it here we don't really know what the prejudice is but if we do know he was prejudiced because he's not allowed to make that decision he was not allowed to make that decision as one form of prejudice but we don't but with regard to whether or not he would take the sentence or not that's easily resolved by remanding it and having someone say whether or not there was this offer made or not isn't that the best way to resolve this I mean I guess that would be the best way to resolve any claim is just give them all you know advance them all to second stage well I disagree I disagree because the cases that we had where individuals were given uh made offers and they risk higher sentences I wouldn't that wouldn't that wouldn't go back because you could those wouldn't go back uh where a defendant chose to go to trial in the face of an offer but here we're saying something different there was an offer made that's what the sentence is there's something to record to indicate offers were made and then subsequently revoked uh before they were accepted which under contract you know it's acceptable but if the lawyer had an offer and allowed it to be revoked but but didn't tell his client what that offer was isn't that the prejudice wasn't he prejudiced by not allowing his client to make a decision about whether or not to accept the offer and to the extent that he cannot be accepted under under people versus hall of course he cannot be accepted expected to get an affidavit from his own lawyer sort of pleading his own incompetence he could have done other things he could have contacted the state's office and that's I don't think that's an unreasonable burden pro se indigent incarcerated defendants get affidavits from all manner of people witnesses uh non-family member witnesses a simple letter to the state's attorney saying what the offer was I mean that would that would substantiate that the offer was he had 10 years on the on a class one well then he's then he's shown prejudice he's pleaded that so there there are other avenues to to substantiate what if any the plea offer actually was all right I don't have any other questions thank you uh thank you anybody else uh justice ellis justin mcbride no okay all right mr castanero you can make a short rebuttal please a few brief points on rebuttal um all of the cases relied on by the state uh walker hale um were conveyed to defendants defendants heard the offers and they rejected them based on counsel's advice here that offer was never conveyed to mr davis and we are not asking this court to speculate that the offer would have been lower we're asking this court to not speculate at all to not speculate that the offer of the sentencing would have been higher that the offer would have been lower we're asking this court to allow this uh claim to proceed to second stage proceedings um where the facts can be fleshed out um there is no way of knowing um what that offer was if it was never communicated to mr davis and again under piper there the court found that it was not going to speculate at first stage um on what on what defendant would have testified about when the court simply didn't have the facts um and so it allowed it to go to second stage uh uh at first stage under whitfield uh a defendant doesn't even have to say that they would have accepted the offer it was not communicated to them they don't have to say anything all they have to say is that the offer was not communicated to them um and what is the defendant mr davis position left to do but to say yes i would have uh accepted the offer as a pro se defendant that's done at this point um my second uh point again i'm unaware of of how a defendant would have been able to bring a post-conviction uh claim that counsel coerced them not to testify if that coercion was not successful if the coercion was not successful mr davis wouldn't been able to raise this claim he would have testified because the court would have been required to allow him to testify as soon as he asserted that right uh to the court um and the last point the last thought that i'll leave is these are substantial fundamental claims with constitutional protections the right to accept or reject the state's plea offer the right to testify and are these claims delusional at this point are they frivolous or patently without merit no there is enough in the record there to support mr davis's claims um and are they capable of independent cooperation at second stage the answer is yes and for those reasons we ask this court uh to find that he raised arguable claims of ineffective assistance of counsel along with an arguable claim of a brady violation and allow this petition to go to second stage proceedings thank you your honor anything further justices mcbride and ellis did did you cite uh piper before today i did cite piper in the uh claim of uh he was coerced not to testify you're relying on it uh for this other claim yes and for the uh um i don't see piper but i'll take your word for it you say that uh yes it's in the second claim it's a fifth district 1995 days is this in your reply brief no it's in the opening well i'm looking at it i'm sorry i don't uh that he was forced to testify you're saying it was in your opening brief under that heading piper i can't piper let me grab my opening brief your honor i'm all scattered here well it's all right you you you're relying on piper we'll take a look walker uh was not issued when when these briefs were filed walker says that there has to be a a pleading of prejudice uh do you agree with that or not uh yes your honor uh and again in walker the the the plea offer was conveyed to the defendant all right the the prejudice prong that the illinois supreme court said that that it had to be met is that one that the defendant would have accepted the offer here we do not have that we say well i probably would have accepted but i grant you he doesn't know what it was if there was one uh two that the plea would have been presented to the court that the defendant would have accepted the plea and the prosecution would not have withdrawn that offer three the court would have accepted the terms and four uh that the offer would have been less severe in walker the court didn't simply rely on defendant's statements the court looked at the the number of years that the person was facing the previous sentencing hearing etc how do you how do you get around walker and say that someone can simply say you know i don't know what the offer was but whatever it was i probably would have taken it is there anything barring him from filing a successive petition in this case no your honor and and it was to start if we look at the supreme court case laffler uh versus cooper um there again the it's very specific to those facts in that case there the offer that was made by the state had an expiration date on there so it makes sense that the the factors should be considered was the state required to abide by that offer was the court required to abide by that offer um again and and they cite to a specific michigan statute that allowed the court to reject that offer i am unaware of any illinois case to analyze these factors of whether the court is required to accept the offer is uh the state required to abide by the offer when we apply the you know the rules of contract law as far as we know in illinois the answer is yes once the state makes that offer it's required to abide by that offer it is uh under that understanding that a offer um and to walker again it's very a different scenario where the offer was conveyed to defendants so the court there has the opportunity to look at the facts of the offer and see the disparity in sentences in offenses this court can't do that at this stage of proceedings and again it's because counsel failed to convey that offer to mr davis um well you rely on this whitfield case can you tell me if that case involved a statement sole statement but we have here i probably would have taken the offer the offer that has been withdrawn uh actually there was no statement by the defendant that they would have taken the offer uh the defendant only stated that the offer was not communicated to them um and just based on that the court remanded for a new trial but in laffler and fry and then hail which our supreme court said they were bound by laffler and hail said that in order to establish ineffective assistance there has to be the following the things i just mentioned to you correct you're saying that those pleadings are not required and you're also saying that rests with the petitioner in his allegations uh no your honor and and laffler cooper hail the offer was communicated to defendant the terms of those offers were on record and the court was allowed to engage in that analysis uh would he have but you're not addressing the other factors that the supreme court of the united states said have to be shown or pled at least to get move forward you're you're saying they don't matter it's simply there was no offer was conveyed but that's not what hail and laffler say and it's not what hail says either there still is a prejudice prong there still are requirements and and and in this case are you saying that he cannot attempt to file a successive petition later to try to plead any of this more than i probably would have taken it and if you were required to file a successive petition um you know the judicial economy will come into play and we're not saying that he doesn't have to establish prejudice we're saying those factors uh don't apply here because it's different than the uh the scenarios that were in laffler cooper yeah that i understand that thank you so much okay all right well thank both of you uh the case was well argued and well briefed we'll take it under advisement and issue a decision in due course thank you very much have a great afternoon